Van Voorhis, J.
(dissenting). The problem here presented may be stated in a few sentences. Assuming that Special Term correctly held that the Board of Transportation as an independent public instrumentality has exclusive power to fix the wage rates of its operating employees and to compel the Board of *48 Estimate to include them in the budget as part of the subway-operating deficit to be raised by taxation (Matter of Colbert v. Delaney, 249 App. Div. 209, affd. 273 N. Y. 626; Rapid Transit Law, §§ 15, 36-b), it cannot be met by borrowing under subdivision c, paragraph 2 of section 29.00 of the Local Finance Law ■unless it can be classified as among “ claims which may be settled or compromised ” by the Comptroller or the Board of Estimate* Since the.decision of Special Term rests on the basis that these demands cannot be settled or compromised by the «Comptroller or the Board of Estimate but are mandatory on them, they are not claims which fall within subdivision c, paragraph 2 of section 29.00 of the Local Finance Law.
Moreover, even if it were to be assumed that the word “ settled ” refers to payment in full, it is not thought that the category of “ claims which may be settled or compromised established, by subdivision c of paragraph 2 of section 29.00 was intended to cover or has any relation to the subway operating deficit. The Local Finance Law is more restricted in permitting borrowing to pay current expenses than the New York City Charter provisions which it superseded (New York City Charter, § 249, subd. a, par. [1]; Greater New York Charter, § 188, súbd. 7).
The propriety of the increase in wages is not before the court*
I dissent and vote to reverse the order and judgment, to deny the motion for summary judgment and to grant the motion for a, temporary injunction. ’■
Cohn and Peck, ' JJ., concur with Callahan, J.; Van Voobhis, J., dissents in an opinion in which Martin, P. J., concurs.
Judgment and order affirmed, with costs.